STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ROY SHEPPARD, DEFENDANT-RESPONDENT.

Argued February 21, 1966—Decided March 21, 1966.

*Mr. Philip R. Glucksman,* Assistant County Prosecutor, argued the cause for the appellant (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney; *Mr. Philip R. Glucksman* on the brief).

*Mr. Hymen B. Mintz* argued the cause for the respondent.

The opinion of the court was delivered

PER CURIAM. On February 4, 1965 James P. Moore, a criminal investigator for the Alcohol and Tobacco Tax Division of the Internal Revenue Service, applied to a United States Commissioner for a search warrant and submitted the following affidavit:

"That [I have] reason to believe that on the premises known as 123 Clinton Avenue, Newark, Essex Co., New Jersey, areas and places under the immediate custody and control of the superintendent at said house, including first floor rear apartment, storage bins and areas, utility areas and all other areas under his custody and control in the Judicial District of New Jersey there is now being concealed certain property, namely non-taxpaid spirits which are in violation of Sections 5601(a)(12), 5604(a)(1), and 7206(4), Internal Revenue Code.
And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: On February 2, 1965 I received information from a source which has supplied reliable information in the past, and whom I believe to be reliable that illicit non-taxpaid spirits are being sold by the superintendent at 123 Clinton Avenue, Newark, New Jersey. On the same date this source entered the aforementioned premises after I had searched him to determine that he possessed no liquor, and he went into the first floor rear apartment. He emerged a short time later and handed me a ½ pint bottle filled with non-taxpaid spirits."

On the basis of the affidavit the Commissioner issued a warrant authorizing a search of "Portions of and areas in the rooming house at 123 Clinton Avenue, Newark, Essex County, New Jersey, such areas as are under the immediate custody and control of superintendent of said building in-

cluding first floor rear apartment, storage and utility areas and other places under his control."

A search was conducted pursuant to the warrant and a quantity of untaxed liquor was seized. The defendant was thereafter indicted for possession of untaxed alcohol in violation of *N. J. S. A.* 33:1–50(e).

Prior to trial the defendant moved to suppress the evidence which had been seized during the search. The trial court granted the defendant's motion and ordered the evidence suppressed on the ground that the description of the place to be searched was too general. The Appellate Division granted the State's motion for leave to appeal the trial court's order, and before argument there we certified the appeal on our own motion.

 For a search warrant to be constitutionally valid it must be based on probable cause and it must particularly describe the place to be·searched. *U. S. Const. Amend. IV; N. J. Const., Art. I, par.* 7. The showing of probable cause and the particularity of the description of the place to be searched are generally treated separately, but in the present case they must be considered together because the showing of probable cause determines the scope of the warrant. See *United States v. Hinton,* 219 *F. 2d* 324, 325 (7 *Cir.* 1955). The defendant contends that the affidavit submitted to the Commissioner showed probable cause only for a search of the first floor rear apartment. We do not agree.

When law enforcement officials learn that an individual is engaged in criminal activity in one part of a building, it is reasonable for them to assume that similar activity may be uncovered in other areas of the building over which that individual has control. See *Steele v. United States,* 267 *U. S.* 498, 45 *S. Ct.* 414, 69 *L. Ed.* 757 (1924). In that case a federal agent observed a truck containing cases of illicit alcohol drive into a garage on the ground floor of a large building. He obtained a warrant authorizing a search not only of the garage but also of "any building or rooms connected or used in connection with said garage." Even though

the agent's affidavit did not allege that he saw illicit alcohol anywhere but in the garage, the United States Supreme Court unanimously sustained the validity of the warrant and held there was probable cause for searching not only the garage but the connecting areas as well. 267 *U. S.,* at *pp.* 504–505, 45 *S. Ct.,* at *pp.* 416–417, 69 *L. Ed.,* at *p.* 761.

On the basis of the affidavit in the present case it is clear that there was probable cause to believe that the superintendent of the building dealt in illicit alcohol and, in these circumstances, it was equally probable that such alcohol might be found not only in the first floor rear apartment but in any other part of the building over which he had "immediate custody and control."

 Because of the nature of his job, a superintendent has control over not only his own living quarters, but also cellars, broom closets, hallways, storage bins and vacant apartments, and it is doubtful that even the most diligent surveillance would normally reveal the existence or exact location of these areas. However, it is not required that the description in a warrant identify each nook and cranny so long as the description enables the officer executing the warrant to ascertain with reasonable effort the place intended to be searched. *Steele v. United States, supra,* 267 *U. S.,* at *p.* 503, 45 *S. Ct.,* at *p.* 416, 69 *L. Ed.,* at *p.* 760; *State v. Daniels,* 46 *N. J.* 428 (1966). We think that the warrant in the present case meets this standard and that the identification of the areas to be searched was sufficiently particularized to protect any other residents of the rooming house from illegal intrusions.

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.