STATE OF NEW JERSEY, PLAINTIFF-APPELLANT v. ARTHUR WRIGHT, JR., DEFENDANT-RESPONDENT.

Argued April 25, 1972—Decided July 21, 1972.

*Mr. David Noah Dubrow,* Assistant Prosecutor, argued the cause for appellant (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. Dubrow,* of counsel, and on the brief; *Mr. Donald H. Steckroth,* Legal Assistant, on the brief).

*Mr. Thomas E. Bracken,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Bracken,* of counsel, and on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J. Defendant appealed to the Appellate Division from his conviction of the crime of possessing narcotic drugs. Resting its decision upon what it conceived to be the inadequacy of the affidavit submitted to the magistrate to establish probable cause for the issuance of a search warrant, that court, in an unreported opinion, reversed the conviction. We granted the State's petition for certification. 59 *N. J.* 269 (1971).

This case was joined for argument with *State v. Ebron,* 61 *N. J.* 207, decided today.

On September 12, 1969 a search warrant was executed at "203 Spruce Street, top floor, City of Newark." The affidavit submitted to the Municipal Court Judge, upon the basis of

which the search warrant had issued, was sworn to by Detective Petrillo of the Newark Narcotics Squad. It was in all respects similar to the affidavit in *Ebron*. It set forth that the affiant had received "information from a reliable source and also from an informant who has proved reliable in the past," that defendant, a narcotic registrant, was selling narcotics from the above address. It went on to state that in company with another detective, James Decker, the affiant had placed the premises under surveillance during specified periods of time on each of four days immediately preceding the date upon which he applied for the warrant. During these periods of observation four known narcotics addicts, whose names and narcotics registry numbers are set forth in the affidavit, were seen to enter and leave the premises.

What we have said in *Ebron* substantially disposes of the issues in this case. Two points, however, deserve special comment.

Here the defendant, Wright, was a known narcotics addict. He was registered as such and his registry number is set forth in the affidavit. In *Jones v. United States,* 362 *U. S.* 257, 80 *S. Ct.* 725, 4 *L. Ed.* 2d 697 (1960), the Supreme Court held that where a defendant is a known user of drugs, this fact may be given appropriate weight in determining the existence of probable cause. *Jones* was followed upon this point in the recent case of *United States v. Harris,* 403 *U. S.* 573, 91 *S. Ct.* 2075, 29 *L. Ed.* 2d 723 (1971), statements to the contrary in *Spinelli v. United States,* 393 *U. S.* 410, 89 *S. Ct.* 584, 21 *L. Ed.* 2d 637 (1969) being expressly disapproved. See *State v. Perry,* 59 *N. J.* 383, 390 (1971). In this respect the present case is a stronger one for the State than was *Ebron.*

The defendant here challenges the affidavit upon the further ground that it does not adequately or accurately describe the premises to be searched. He points out that the description merely refers to the "top floor" of 203 Spruce Street and that in fact there are three separate apartments on the

top floor. He charges that the failure to indicate the precise apartment should be deemed fatal to the validity of the affidavit. We do not agree.

 While a search warrant must describe the premises to be searched with reasonable accuracy, pin-point precision is not demanded. *State v. Bisaccia,* 58 *N. J.* 586 (1971); *State v. Daniels,* 46 *N. J.* 428 (1966). Here there was in fact no inaccuracy in the description; it simply failed to indicate by number which of three apartments was intended. In fact defendant's apartment had no number on the door. But the affidavit did state that the intended apartment was the one that was in fact occupied by the defendant. Under these or like conditions such designation is sufficient. We take this to have been the holding in *State v. Ratushny,* 82 *N. J. Super.* 499, 506–507 (App. Div. 1964). Furthermore, on cross-examination at the suppression hearing, defendant testified that he had recognized Detective Decker, one of the officers who executed the warrant on September 12, as having conducted a search of the same apartment some time during the previous July of 1969. The executing officer may take into account his prior knowledge as to the place intended in the warrant, as undoubtedly Detective Decker did in this case. The underlying reason for the requirement that there be an adequate description of the premises in a search warrant is to prevent the police officer from entering property which he has no authority to invade. Obviously his own knowledge is a very relevant factor. *State v. Bisaccia, supra,* 58 *N. J.* at 593. In addition to the cases there cited, see also *United States v. Gomez,* 42 *F. R. D.* 347 (S. D. N. Y. 1967).

Finally, defendant asks us to remand the matter to the trial court for a hearing as to the truth of the allegations set forth in the affidavit. This point was not raised at the trial level or before the Appellate Division; nothing is now submitted suggesting that in fact there was any falsity.

In any event this issue is now foreclosed against the position urged by defendant by virtue of this Court's recent decision in *State v. Petillo*, 61 *N. J.* 165 (1972).

For the foregoing reasons the judgment of the Appellate Division is reversed, and the judgment of conviction is reinstated.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN.—7.

*For affirmance*—None.