THE STATE OF NEW JERSEY, PLAINTIFF, v. SUSAN
HORTON, DEFENDANT.

Superior Court of New Jersey
Law Division Middlesex County

Decided June 13, 1985.

*William B. Smith,* Asst. Middlesex Cty. Pros., for plaintiff (*Alan A. Rockoff,* Middlesex Cty. Pros., attorney).

*Joel I. Rachmiel* for defendant.

KUHLTHAU, J.S.C.

The present matter is a Motion to Suppress evidence brought by the defendant pursuant to Rule 3:5-7.

On December 2, 1984 at approximately 9:00 p.m., Officer Robert Schwarz of the Middlesex Borough Police Department appeared before the Middlesex Municipal Court Judge to apply for a warrant to search the defendant's premises. Based upon the officer's taped testimony, the judge issued an oral search warrant to search the defendant's premises at 408 Decatur Avenue, the defendant's person and the defendant's automobile.

The judge ordered Schwarz to prepare a confirmatory affidavit and a written search warrant. The officer's testimony and the judge's questions and conclusions were tape-recorded.

Schwarz, accompanied by two Middlesex Borough patrolmen executed the oral search warrant later that same night. The officers conducted a search at 313 Decatur Avenue. This address, 313 Decatur Avenue, is the address which was inserted in Schwarz's confirmatory affidavit and the written search warrant, both of which were drafted on December 3, 1984. Apparently, 313 Decatur Avenue is the residence of the defendant and the officer mistakenly gave the judge the wrong address in applying for the search warrant.

The defendant contends that the search of 313 Decatur Avenue was illegal.

The case is controlled by the fact that the premises described at the address given to the issuing Judge was not searched. The warrant authorized a search of 408 Decatur Avenue and the search was conducted at 313 Decatur Avenue. Such a search is illegal because the warrant did not particularly describe the place to be searched.

The Fourth Amendment to both the United States and the New Jersey Constitutions require a search warrant to "particularly describe the place to be searched." The standard

established in *Steele v. United States*, 267 *U.S.* 498, 503, 45 *S.Ct.* 414, 416, 69 *L.Ed.* 757, 760 (1925), for the particularity of the description is whether the "description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." In applying this test, it has been held that "while a search warrant must describe the premises to be searched with reasonable accuracy, pin-point precision is not demanded." *State v. Wright,* 61 *N.J.* 146, 149 (1972). Although the description need not be accurate in every detail, it must "furnish a sufficient basis for identification of the property so that it is recognizable from other adjoining and neighboring properties." *State v. Daniels*, 46 *N.J.* 428, 437 (1966). However, it must be remembered that there is a particularity requirement and therefore it is established that "a warrant faulty by reason of its failure to specify the place to be searched should not be approved because only the premises of the defendant were actually searched in pursuance thereof." *State v. Ratushny*, 82 *N.J.Super.* 499, 505–506 (App.Div.1964).

In the present case, the State contends that the incorrect street address should not invalidate the warrant because the searched premises "were unmistakably described" by Schwarz in his testimony before the issuing judge and therefore *State v. Bisaccia*, 58 *N.J.* 586 (1971), is controlling. Furthermore, the State contends that *State v. Daniels*, 46 *N.J.* 428 (1966), is applicable to the present matter because Schwarz was familiar with the premises to be searched and less description was necessary in the warrant. The State's contentions are erroneous.

The facts in *Bisaccia* and *Daniels* are plainly distinguishable from those in the present case. It should be noted that the Court may consider only the information actually presented to the issuing Judge and therefore may not consider the affidavit and search warrant, composed subsequent to the execution of the search, in determining the particularity of the

description. *See State v. Hendricks*, 145 *N.J.Super.* 27, 32 (App.Div.1976). Schwarz, in his sworn testimony before the issuing magistrate, described the premises at 408 Decatur Avenue as being in a "residential area ... a dark brown house, a cape code type." Schwarz then made a specific and detailed description of the *interior* of the premises, which included the entire room scheme of the house. However, such description of the premise's interior is irrelevant since the question is "whether the physical aspects of the *exterior* were sufficiently delineated in the warrant to make the intended property reasonably recognizable." *State v. Daniels*, 46 *N.J.* 428, 435 (1966). (Emphasis supplied). Unlike the facts in *Bisaccia* and *Daniels*, there is nothing to distinguish the exterior of 313 Decatur Avenue from adjoining and nearby properties. The searched premises, 313 Decatur Avenue, was located in a residential area and merely described as a dark brown, cape cod style house. There is nothing in the record to show that this was the only dark brown, cape cod style home on Decatur Avenue and the logical inference is that it was not. There was no testimony that the officer was personally familiar with the premises or that he had conducted any surveillance of the premises. Even if the Court were to infer from the testimony that the officer was personally familiar with the premises, this could not cure the wholly inadequate description of the premises. The Supreme Court's limitation of its holding in *State v. Daniels*, 46 *N.J.* 428, 438 (1966), that the personal knowledge of the officer executing the warrant cannot be held to cure a "vitally deficient description," is applicable to the present case. The fact that the home which was intended to be searched was, in fact, searched is irrelevant. The improper description of the premises to be searched by the officer rendered the search warrant defective. The search of 313 Decatur Avenue must be ruled illegal.

The State also contends that, assuming the description of the premises to be searched is found deficient, thereby making the warrant defective, the "good-faith exception" to the exclusion-

ary rule should be applied to uphold the search. The State's argument is without merit and must be rejected.

The good-faith exception to the exclusionary rule was enunciated by the United States Supreme Court in *United States v. Leon,* 468 *U.S.* 897, 104 *S.Ct.* 3405, 82 *L.Ed.*2d 677 (1984) and *Massachusetts v. Sheppard,* 468 *U.S.* 981, 104 *S.Ct.* 3424, 82 *L.Ed.*2d 737 (1984).

In *Sheppard,* the Court applied the good faith exception to a case where the police seized evidence pursuant to a warrant later held to be defective. In *Sheppard,* probable cause was established to search the defendant's residence for evidence of a murder, but the warrant form authorized a search for controlled dangerous substances. The issuing judge informed the officers that he would make the needed changes, but the changes were insufficient since the form still authorized a search for narcotics and the warrant did not incorporate the officer's affidavit. The judge returned the warrant to the officer and informed him that the warrant was sufficient to authorize him to search the defendant's residence for evidence of the murder. In applying the good faith exception to preclude suppression of the evidence, the United States Supreme Court held that "the police conduct in this case clearly was objectively reasonable and largely error-free. An error of constitutional dimensions may have been committed with respect to the issuance of the warrant, but it was the *judge,* not the police officers who made the critical mistake." *Sheppard,* 468 *U.S.* at ——, 104 *S.Ct.* at 3429, 82 *L.Ed.*2d at 745. (Emphasis supplied.)

■■ It is evident from *Leon* and *Sheppard* that the good faith exception is limited to situations where the police act in good faith reliance upon the decision of an issuing judge. In delineating the good faith exception, the Court focused on the deterrent aspect of the exclusionary rule and reasoned that suppressing evidence where the issuing judge, not the police, is in error, would not serve the deterrent function of the exclu-

sionary rule. *Sheppard,* 468 *U.S.* at ——, 104 *S.Ct.* at 3420, 82 *L.Ed.*2d at 745. Based upon a careful examination of *Leon* and *Sheppard,* it must be concluded that the good faith exception is not intended to be applied to a case where the police make the critical error. Such a broad application clearly would undermine the deterrent function of the exclusionary rule, since it is the police misconduct which the exclusionary rule was intended to discourage. Police misconduct should not be limited to willful or purposeful action, but should encompass reckless and negligent action that results in the incorrect information given to the issuing judge.

For these reasons, any evidence seized from 313 Decatur Avenue must be suppressed. Defense counsel will submit an appropriate Order.